UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| VENICE PI, LLC,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>SEAN O'LEARY JR., et al.<br><br>　　　　　　　Defendants. | Civil Action No. 17-cv-988TSZ |
| VENICE PI, LLC,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>JONATHAN DUTCZAK, et al.<br><br>　　　　　　　Defendants. | Civil Action No. 17-cv-990TSZ |
| VENICE PI, LLC,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>MARTIN RAWLS, et al.<br><br>　　　　　　　Defendants. | Civil Action No. 17-cv-991TSZ |
| VENICE PI, LLC,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>INA SICOTORSCHI, et al.<br><br>　　　　　　　Defendants. | Civil Action No. 17-cv-1074TSZ |

DECLARATION OF DAVID HRICIK - 1
INIP-6-0088P18 DEC_DH

| | |
|---|---|
| VENICE PI, LLC,<br>              Plaintiff,<br>   v.<br>GREGORY SCOTT, et al.<br>              Defendants. | Civil Action No. 17-cv-1075TSZ |
| VENICE PI, LLC,<br>              Plaintiff,<br>   v.<br>YELENA TKACHENKO, et al.<br>             Defendants. | Civil Action No. 17-cv-1076TSZ |
| VENICE PI, LLC,<br>              Plaintiff,<br>   v.<br>CELINA POTTER, et al.<br>             Defendants. | Civil Action No. 17-cv-1160TSZ |
| VENICE PI, LLC,<br>              Plaintiff,<br>   v.<br>TONJA LAIBLE, et al.<br>             Defendants. | Civil Action No. 17-cv-1163TSZ |
| VENICE PI, LLC,<br>              Plaintiff,<br>   v.<br>VICTOR TADURAN, et al.<br>             Defendants. | Civil Action No. 17-cv-1164TSZ |
| VENICE PI, LLC,<br>              Plaintiff,<br>   v.<br>JESSE COOPER, et al.<br>             Defendants. | Civil Action No. 17-cv-1211TSZ |

| | |
|---|---|
| VENICE PI, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>JASMINE PATTERSON, et al.<br><br>      Defendants. | Civil Action No. 17-cv-1219TSZ |
| VENICE PI, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>DAVID MEINERT, et al.<br><br>      Defendants. | Civil Action No. 17-cv-1403TSZ |

## **DECLARATION OF DAVID HRICIK**

Under penalty of perjury, I, DAVID HRICIK, hereby state as follows:

  1.  I am over 21 years of age and am competent to make this declaration. All matters in this declaration are submitted through personal knowledge and belief and all documents referenced herein are true and accurate copies.

  2.  I was retained by the law firm of LOWE GRAHAM JONES^PLLC to respond to two related statements made by the Court in its Minute Order dated January 8, 2018 (Dkt. 32, the "Order") and more specifically to allegations in Paragraph 4 of the Order ("Paragraph 4"). I have never represented that law firm or any of its lawyers, or even heard of it or these suits (or the related ones), and provide here my neutral evaluation.

### Qualifications

  3.  I believe I am qualified to provide this opinion, largely because of my knowledge, training, and experience with statutory interpretation, judicial ethics, legal ethics, and federal civil procedure. A copy of my CV is attached as <u>Exhibit A</u>, and, pertinent here, it reveals:

- I have taught legal ethics courses about 20 times at different law schools, including the University of Texas School of Law, George Washington University School of Law, and Mercer University School of Law, where I am a full professor;

- I have authored or co-authored books on statutory interpretation, ethical issues in federal court patent litigation, including the obligations of pre-suit investigations, and

- those created by federal statutes regulating meritorious claims as well as the Federal Rules of Civil Procedure, including Rule 11;

- I am a member of the American Law Institute, a recent clerk to the then-Chief Judge of the United States Court of Appeals for the Federal Circuit where, among other things, I was tasked with educating clerks on judicial ethics, and have provided literally hundreds of hours of CLE to federal court litigators across the country, including in the State of Washington (and most states), and to state judges here in Georgia;

- I have advised lawyers and law firms in disciplinary cases and served as an expert in numerous disputes involving legal ethics; and

- I have litigated complex cases in federal court since 1988, and continue to do so.

**Paragraph 4's Accusation of the Lack of Candor in 2016.**

4.      In Paragraph 4, the Court stated that either in an earlier case, or this case, or both, Mr. Lowe had engaged in a "lack of candor" that was a "serious breach of his ethical duties" under Wash. R. Prof. Conduct 3.3 "particularly because he sought relief from the limitation on discovery set forth in Federal Rule of Civil Procedure 26(d)(1) on an ex parte basis." This Court apparently based this statement in a letter that it found on the Internet.[1]

5.      I asked for a copy of the October 2016 letter cited in the Order—which is not of record—and Mr. Lowe guessed that it is a letter dated October 28, 2016, which he provided to me and is attached as Exhibit B. That letter states it relates to a case styled *LHF Productions v. Collins* (W.D. Wa. Case No. 16-cv-1017 RSM). It is from a Mr. Lynch, who states he (then) was a lawyer

---

[1]     I was not asked to opine about this, but the Order concerns me as a former judicial clerk and as a lawyer. As I understand it, the Court conducted its own independent and *ex parte* factual investigation—the breadth and scope of that factual investigation is unknown—and based certain statements in the Order on information it found on the Internet. (Order at 2 n.1.) The American Bar Association and state bars have long recognized that judicial fact-finding is fraught with peril and jeopardizes the neutral fact-finding mission of an independent judiciary. *See generally,* Am. B. Ass'n. Formal Eth. Op. 477 (2018). In this regard, I looked at the website cited by the Order— "fightcopyrighttrolls.com"—and from its pejorative title alone, it plainly is not a neutral source of information. *See generally,* Randall R. Rader, Colleen Chen, & David Hricik, *Make Patent Trolls Pay in Court*, New York Times (June 4, 2013) (discussing the use of the term "troll" in the patent context). More worrisome, although the United States Constitution recognizes the importance of copyright protection and Congress has done so, the website itself states "Copying is not theft." (https://fightcopyrighttrolls.com/reference/about/) (last visited January 23, 2018). I understand that the letter the Order refers to is what it purports to be, but the factual investigation by the Court including its *ex parte* examination of websites such as this caused me serious concern.

for Mr. Collins, the defendant, and it is addressed to Mr. Lowe, who (then) was counsel for the plaintiff in that case.

6.  On page 2 of that letter, Mr. Lynch argued: "We doubt Daniel Arheidt [the person who apparently observed evidence that shows infringement occurred]… or their employers … are properly licensed under RCW 18.15 to conduct private investigations in Washington – even though they were 'engaged in the business of detecting, discovery, or revealing … evidence to be used before a court,' necessitating such a license under RCW 18.165.010. (None of the exemptions of RCW 18.165.020 apply.)." (Ellipsis in 'quote' of statute in original.)

7.  The Court apparently found this letter during its *ex parte* Internet searches, and as a result, concluded that it was unethical for Mr. Lowe to have failed to disclose in the *Collins* case (or related cases, I assume) the fact that Mr. Arheidt was not licensed by the State of Washington as a private investigator. More specifically, Paragraph 4 states that Mr. Lowe had committed a "serious breach of his ethical duties" through his "lack of candor" "particularly because he sought relief" on "an ex parte basis." (Order at 4, citing "Wash. RPC 3.3.").

8.  I assume the reference to "RPC 3.3" refers to Washington Rule of Professional Conduct 3.3(f), because it governs *ex parte* proceedings, which provides in full: "In an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse."[2] Thus, as

---

[2]  The complete rule is below, and in my opinion and as the Court in Paragraph 4 seemed to recognize, clearly none of its other provisions are even tangentially implicated:

(a) A lawyer shall not knowingly:

(1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;

(2) fail to disclose a material fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client unless such disclosure is prohibited by Rule 1.6;

(3) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by the opposing party; or

(4) offer evidence that the lawyer knows to be false.

(b) The duties stated in paragraph (a) continue to the conclusion of the proceeding.

I understand it, the Court believes that Mr. Areheidt's lack of licensure was a "material fact" that Mr. Lowe should have disclosed in the *Collins* case (and perhaps related ones).

**Paragraph 4's Accusation that Mr. Lowe Needed, in this Suit, to Either (a) Disclose that Mr. Arheidt was not Licensed in Washington or (b) Explain Why he Did Not Need to be Licensed.**

9.     As I understand it, the Court in Paragraph 4 believes that Mr. Lowe acted unethically in this case because he failed to either (a) disclose to this Court the fact that "Arheidt might be committing a crime by engaging in the unlicensed surveillance of Washington citizens" or (b) "offer any analysis of why such conduct is not prohibited by RCW 18.165.150."

### Opinions

10.    The Court based both its determinations of lack of candor on its conclusion that, if a person outside of Washington engages in the business of "detecting, discovering, or revealing… evidence to be used before a" court in Washington, the person must be licensed by the State of Washington as a private investigator. If this view of the reach of the statute is incorrect, then obviously the fact that Mr. Arheidt did not have a license was neither a material fact in *Collins* nor a fact that needed to be disclosed in this case.[3]

11.    Perhaps more importantly, if a reasonable lawyer would believe that the statute did not reach Mr. Arheidt's activities in Germany, then Mr. Lowe did not breach any duty of candor. This is because the comment to Washington Rule 3.3(f) states: "The lawyer for the represented

---

(c) If the lawyer has offered material evidence and comes to know of its falsity, the lawyer shall promptly disclose this fact to the tribunal unless such disclosure is prohibited by Rule 1.6.

(d) If the lawyer has offered material evidence and comes to know of its falsity, and disclosure of this fact is prohibited by Rule 1.6, the lawyer shall promptly make reasonable efforts to convince the client to consent to disclosure. If the client refuses to consent to disclosure, the lawyer may seek to withdraw from the representation in accordance with Rule 1.16.

(e) A lawyer may refuse to offer evidence that the lawyer reasonably believes is false.

(f) In an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse.

[3]    I am unaware of any ethical or procedural rule that would require Mr. Lowe—before the Order—to "offer an analysis for why such conduct is not prohibited" by any statute. But, this point now seems moot.

party has the correlative duty to make disclosures of material facts known to the lawyer *and that the lawyer reasonably believes are necessary to an informed decision.*" (Emph. added.). No court should encourage lawyers to load up a record with irrelevant information, because that could bury the important facts and be inefficient.

12.   In my opinion, a reasonable lawyer would not believe that the statute reached Mr. Arheidt's activities in Germany. The reasons for my opinion follow.

13.   The starting point of course is the text—which is only paraphrased by the Court in Paragraph 4 and in the Internet letter upon which the Order is based. Specifically, Paragraph 4 states that "RCW 18.165.150" makes it a "gross misdemeanor" to "perform[] the functions of a private investigator without a license." The Court thus accused Mr. Lowe of a crime or at least assisting Mr. Arheidt to commit one.

14.   The Order does not point to any specific subsection in RCW 18.165.150 but seems to paraphrase 18.165.150(1). But that subsection by its express terms makes states that the conduct must occur "in" Washington for a crime to occur:

> (1) After June 30, 1992, any person who performs the functions and duties of a private investigator *in this state* without being licensed in accordance with the provisions of this chapter… is guilty of a gross misdemeanor.

RCW 18.165.150(1) (emph. added).

15.   In my opinion, a reasonable lawyer would conclude that the statutory provision paraphrased by the Court means what it says: a crime occurs only if a person performs certain functions in Washington. My understanding is Mr. Arheidt performed his functions (whatever they were) while he was in Germany. (I have not seen evidence that Mr. Arheidt has ever been in Washington) I understand that Mr. Lowe may use the evidence in a Washington court, but Mr. Lowe is exempted from the requirements of having a private investigator license. RCW 18.165.020(4) ("The requirements of this chapter do not apply to…. (4) An attorney-at-law while performing the attorney's duties as an attorney….").

16. Second, Washington law requires that criminal statutes—even if there is an ambiguity—must be construed narrowly and against the State. *See State v. Reeder,* 365 P.3d 1243 (Wash. 2015). I do not see any ambiguity, but if it exists, that nonetheless means the statute should be construed to *not* reach foreign conduct.

17. Third, I have conducted research, admittedly not exhaustive, but it did not surprise me to that I found no case ever giving extraterritorial effect to this statute.

18. Fourth, the subsection mentioned by the Court must be read *in pari materia* with the rest of the statute. In that regard, just as RCW 18.165.150(1) limits its scope to in-state activities, so does a related subsection, which states:

> After January 1, 1992, a person is guilty of a gross misdemeanor if he or she owns or operates a private investigator agency *in this state* without first obtaining a private investigator agency license.

RCW 18.165.150(2) (emph. added).

19. For these reasons, in my opinion, a reasonable lawyer would not have believed Mr. Arheidt's lack of a license needed to be disclosed. Accordingly, accusations of serious unethical conduct are, in my view, seriously mistaken.

20. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: January 29, 2018.

_____
David Hricik

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served to all counsel or parties of record who are deemed to have consented to electronic service via the Court's CM/ECF system, and to all Defendants at their last known address via U.S. mail.

s/ David A. Lowe

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301